IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 06-437 (SLR) |
| ) | |
| SEAFORD SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## ANSWER[1]

Defendant Seaford School District ("Seaford" or "Defendant"), by and through its undersigned counsel, hereby answers the allegations contained in Plaintiff Frank Dismore's ("Dismore" or "Plaintiff") Complaint as follows:

1. Seaford is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this Paragraph, therefore it is denied.

2. Seaford is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this Paragraph, therefore it is denied.

3. Denied as stated. Upon information and belief, Seaford believes Dismore was terminated from his position as a bus driver after Seaford reported to Dismore's employer that he had exhibited inappropriate behavior with Seaford students. Seaford denies that Dismore was employed by Seaford and denies that he was terminated by Seaford.

4. Denied.

5. Denied.

6. Seaford admits only that to its knowledge criminal charges were not filed against Dismore. Seaford did investigate the allegations that Dismore behaved inappropriately with

---

[1] Although Plaintiff did not number the paragraphs of the Complaint, Defendant's numbering will correspond with each paragraph of the Complaint.

students he was transporting and concluded that such acts were in violation of school policy and state law.

7.  Seaford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph, therefore they are denied.

8.  Admitted that Dismore offered condoms to Seaford students.

9.  Admitted that Dismore sent at least four text messages to a Seaford student's cellular telephone.

10. Seaford is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, therefore they are denied.  Further, Seaford explicitly denies the allegations in this Paragraph to the extent they allege that Seaford made retaliatory threats against Dismore.

11. Admitted that Dismore filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC").

12. Admitted that the EEOC issued a Right to Sue Notice on or about February 28, 2006, in which it stated that it was closing its file in the matter and issued the following determination, "Based upon its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes."

13. The paragraph asserts a legal conclusion to which no response is required.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant cannot be liable under the Americans with Disabilities Act, because Plaintiff was not employed by Defendant.

### Third Affirmative Defense

Plaintiff has failed to join an indispensable party.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies.

### Fifth Affirmative Defense

Plaintiff is not entitled to some or all of the relief sought in his Complaint as a matter of law.

### Sixth Affirmative Defense

Plaintiff's claims are barred because Defendant acted reasonably at all times.

### Seventh Affirmative Defense

Plaintiff's claims are barred because Defendants have not engaged in any unlawful activities.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was not willful, wanton or malicious.

### Ninth Affirmative Defense

At all times, Defendant acted for legitimate, nondiscriminatory business reasons.

### Tenth Affirmative Defense

Plaintiff's claim fails because Plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

### Eleventh Affirmative Defense

Plaintiff's claim fails because Defendant did not perceive Plaintiff as having a disability within the meaning of the Americans with Disabilities Act.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

### Reservation of Rights

Defendant reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

WHEREFORE, Defendant Seaford School District respectfully requests that this Court dismiss Plaintiff's claims with prejudice and award such other relief as the Court deems appropriate.

> BUCHANAN INGERSOLL & ROONEY, P.C.
>
> Jennifer M. Becnel-Guzzo, Esquire (#4492)
> The Brandywine Building
> 1000 West Street, Suite 1410
> Wilmington, DE 19801
> (302) 552-4200
> jennifer.becnelguzzo@bipc.com
>
> *Attorneys for Seaford School District*

Date: July 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 06-437 (SLR) |
| ) | |
| SEAFORD SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2006, I electronically filed the **Answer** with the Clerk of the Court using CM/ECF which will send notification of such filing to registered participants. I further certify that on July 28, 2006, I have sent the document by U.S. Mail to:

Frank Dismore
1 Crossgate Drive
Seaford, DE 19973

BUCHANAN INGERSOLL & ROONEY, P.C.

Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com

*Attorneys for Seaford School District*