**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRANK DISMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-437 (SLR) |
| | ) | |
| SEAFORD SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SEAFORD SCHOOL DISTRICT'S FIRST SET OF**
**INTERROGATORIES DIRECTED TO PLAINTIFF**

Seaford School District ("Seaford" or "Defendant"), by and through its undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Rules"), hereby serves on Plaintiff Frank Dismore (the "Plaintiff") the following interrogatories, to be answered in writing under oath, within thirty (30) days of the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

Please note that the following definitions and instructions are an integral part of these interrogatories:

1.      "Plaintiff," "Frank Dismore," "Mr. Dismore," "you," and "your" shall mean plaintiff Frank Dismore and his agents, attorneys, representatives, consultants and experts.

2.      "Seaford" and "Defendant" shall refer to Defendant Seaford School District and its employees, agents, representatives, consultants and experts.

3.      Person(s) shall include all individuals and entities, including sole proprietorships, associations, governments (including all instrumentalities, officers, agents and subdivisions thereof), partnerships, joint ventures, corporations, trusts and estates, and all other business, legal or artificial entities.

1

4.     "Complaint" shall refer to the Complaint filed by Plaintiff on or about June 1, 2006 in this lawsuit.

5.     "Communications" shall mean all meetings, oral conversations, conferences, telephone conversations, letters, telegrams, telexes, mailgrams, xerographic transmissions, faxes, electronic mail transmissions, transmissions between computer terminals, and all oral or written expressions however transmitted or recorded.

6.     "Identify," when used with respect to a person or persons, shall mean:  (1) to state the person's name, address and telephone number; (2) to state the name of the person's present employer(s), the place of employment, and job title; and (3) if such person was affiliated at any time with any party to this litigation, by employment or otherwise, to state the nature (including job title if any) and dates of such affiliation.

7.     "Identify," when used with respect to a document, shall mean:  (1) to specify the nature of a document (such as, for example, a letter, memorandum, etc.); (2) to state the date, if any, appearing on the document, or if none, the date upon which such document was prepared; (3) to describe the subject matter of the document; (4) to identify each person who wrote, signed, dictated or otherwise participated in the preparation of the document; (5) to identify each person who was an addressee thereof; and (6) to identify every person now having custody of the document.

8.     "Identify," when used with respect to an oral communication, shall mean:  (1) to state the date and place of such communication; (2) to state what was said by each participant in the course of such communication, or, if specific statements made cannot be recalled, the substance of such communication; (3) to state the name, address and position of the person who made the communication; (4) to state the name, address and position of each person to whom

2

such communication was made; (5) to state the name, address and position of each person who was present when such communication was made; (6) to state whether there are any documents which set forth, summarize or otherwise refer to any portion of such oral communication; and (5) if such document exists, to identify each such document and each person having custody of such document.

9.    When an interrogatory requests that Plaintiff identify his "source of information," "source of knowledge," "source of Plaintiff's claim" or "source of information and belief," Plaintiff is to state where, when, and from whom he learned the information; whether the information was oral or in writing; and if oral, an identification of each such oral communication; and if in a document, an identification of each such document.

10.    The conjunctions "and" and "or" shall not be interpreted disjunctively.

11.    Whenever any interrogatory calls for the identification of a document or communication as to which you claim privilege, include in the identification of such document or communication the fact of such claim of privilege and the basis asserted for such claim.

12.    Insert your written answers in the spaces provided, attaching additional pages as required for complete answers.  Your answers must be submitted under oath and a copy served on counsel for Seaford.

13.    In answering these interrogatories, you must furnish all information which is available to you, including that which is now in the possession of your attorneys, insurers, agents and other representatives, and not merely the information known by the individual or individuals preparing the response.

14.    If you are unable to answer any of the within interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete

answers, so state, and in addition, answer each such interrogatory to the fullest extent possible, specifying your knowledge and your inability to answer the remainder, and state whatever information or knowledge you may have concerning the unanswered portions thereof.

15.     If you file any objections to any of the interrogatories propounded herein, you must nevertheless answer the remaining interrogatories within the required period of time.

16.     With respect to each interrogatory, in addition to supplying the information asked for, identify all documents which were referred to in preparing your answer thereto.

17.     These interrogatories seek answers as of the date on which answers are made except that as to those interrogatories addressed to matters falling within Rule 26(e)(1) and (2) of the Rules, which interrogatories shall be deemed to be continuing in nature, requiring the Plaintiff seasonably to supplement or amend his responses to those interrogatories as provided in Rule 26(e)(1) and (2).

## INTERROGATORIES

1.      With respect to the Plaintiff state:

   (a)      Your full name, address (if address is a post office box, also provide

            physical address) and telephone number; and

   (b)      Your present occupation and the name and address of your employer.

**ANSWER:**

2.      Identify each person participating in the preparation of the answers to the within

Interrogatories.

**ANSWER:**

3.      Identify each and every person who has or who claims to have knowledge or

information regarding any facts, circumstances or issues involved in this lawsuit.

**ANSWER:**

4.      With respect to each person identified in answer to Interrogatory No. 3, state:

    (a)    whether that person has given an oral or written statement and, if so, designate which; and

    (b)    a summary of the knowledge relevant to this lawsuit that each such person has or claims to have.

**ANSWER:**

5.      Identify all communications between you and Seaford which in any way relate to the claims you assert in your Complaint.

**ANSWER:**

6.      Identify each and every document that you intend to introduce into evidence in this case.

**ANSWER:**

7.     Identify each and every person whom you intend to call as a witness in this case and describe in detail the substance of the witness' testimony.

**ANSWER:**

8.     Identify each and every person you intend to call as an expert witness in this case.

**ANSWER:**

9.     With respect to each expert identified in response to the preceding Interrogatory, describe:

(a)     the subject matter of his/her expertise;

(b)     his/her educational background, academic degrees, employment history, employment experience and any matters which you contend qualify him/her as an expert;

(c)     the substance of all fact and opinions to which he/she could testify if called as a witness;

(d)     a summary of the grounds for each such opinion;

      (e)      all documents provided to or obtained by the expert in connection with this case; and

      (f)      all documents relied upon by the expert as a basis for each of his/her opinions.

**ANSWER:**

10.      With respect to your claim for damages in this case:

      (a)      please state precisely and separately each item of damage which you claim, and the amount alleged for each said item;

      (b)      provide a detailed description as to how the total damages and each itemized element above were calculated, including all facts and assumptions upon which you have based your calculation; and

      (c)      identify each person who has knowledge of the information sought by this interrogatory.

**ANSWER:**

11.    Have you, your agents, representatives or attorneys obtained from any person who is not a party to this case, any document, including but not limited to, any statement concerning the allegations in this case?  If so, identify each such person and each such document and from whom it was obtained and when it was obtained.

**ANSWER:**

12.    Identify any physical or mental condition, impairment or disability from which you allege you suffered while employed by Mr. and/or Mrs. Gundry as a school bus driver.

**ANSWER:**

13.    Identify any medical doctors, psychiatrists, psychologists, social workers, therapists, counselors, nurse practitioners and all other health and mental health care professional you have visited, consulted or sought treatment from at any time from 2000 to the present.  For each individual identified, state his or her name, address and telephone number; provide the date and reason for each visit, consultation or treatment; explain the diagnosis, if any, given at each visit, consultation or treatment; and identify all documents which refer or relate to any conversation, consultation or treatment with said professionals, including but not limited to, communications or reports of any kind.

**ANSWER:**

14.    Identify each and every medication prescribed for you and identify the health care professional who prescribed or recommended such medication and state the time period(s) during which such medication was taken by Plaintiff.

**ANSWER:**

BUCHANAN INGERSOLL & ROONEY, P.C.

Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com

*Attorneys for Seaford School District*

Date: September 18, 2006

WLM#67336v2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

FRANK DISMORE,                              :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :     NO. 06-437 (SLR)
                                            :
SEAFORD SCHOOL DISTRICT,                    :
                                            :
                    Defendant.              :

## NOTICE OF SERVICE

I, Jennifer M. Becnel-Guzzo, Esquire, hereby certify that on September 18, 2006, true

and correct copies of **Defendant Seaford School District's First Set of Interrogatories**

**Directed to Plaintiff, Defendant Seaford School District's First Request for the Production**

**of Documents Directed to Plaintiff and this Notice of Service** were filed with the Court using

CM/ECF and were served via U.S. Mail upon the following:

        Frank Dismore
        1 Crossgate Drive
        Seaford, DE 19947


        BUCHANAN INGERSOLL & ROONEY PC


        Jennifer M. Becnel-Guzzo, Esquire (#4492)
        The Brandywine Building
        1000 West Street, Suite 1410
        Wilmington, DE 19801
        (302) 552-4200
        jennifer.becnelguzzo@bipc.com
        *Attorneys for Defendant Seaford School District*


September 18, 2006


WLM#67745