IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 06-437 (SLR) |
| ) | |
| SEAFORD SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SEAFORD SCHOOL DISTRICT'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure (the "Rules"), Defendant Seaford School District ("Seaford" or "Defendant") by and through its undersigned counsel, hereby requests that Plaintiff Frank Dismore ("Plaintiff" or "You") produce for inspection and copying the documents described herein within thirty (30) days of the date of service. Production is requested at the offices of Buchanan Ingersoll & Rooney, The Brandywine Building, 1000 West Street – Suite 1410, Wilmington, Delaware 19801.

In responding to these Requests, the following definitions and instructions shall apply:

**DEFINITIONS AND INSTRUCTIONS**

1.   "Plaintiff," "Frank Dismore," "you" or "your" shall refer to Frank Dismore, the Plaintiff in this action, and his agents, representatives, consultants, and experts.

2.   "Seaford" shall refer to Seaford School District and its employees, agents, representatives, consultants and experts.

3.   "Complaint" shall refer to the Complaint filed by Plaintiff on or about June 1, 2006 in this lawsuit.

4.     "Document" or "documents" means the original and any non-identical copy (whether different from the originals because of notes made on such copies or otherwise) of writings or recordings of every kind and description, whether made by hand or by mechanical, electronic, photographic or other means including, but not limited to, letters, notes, correspondence, electronic mail, reports, proposals, change of orders, certifications, memoranda, agreements, contracts, contract modifications, field directives, clarifications, work orders, recordings, memorials of telephone conversations, meeting minutes, inter-office and intra-office communications, work papers, bids, bid evaluation records or notes, invoices, bills, purchase orders, vouchers, pay requests, progress reports, inspection reports, quality records, contract drawings, engineering drawings, working drawings, shop drawings, sketches, diagrams, accounting records, checks, drafts, statements, audio or video recordings, schedules, bar charts, logic diagrams, network analysis, schedule of progress updates, diaries, daily reports, receipts, bills of lading, summaries, notations of any sort of conversations, printed matter, teletype, telefax, worksheets, studies, analyses, tabulations, comments, manuals, instructions, recorded recollections, all drafts, alterations, modifications, changes and amendments of any of the foregoing, or any other written material of any nature whatsoever, as well as all graphic or oral records or representation of any kind (including, without limitations, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic, mechanical or electrical records or representations of any kind (including, without limitations, Electronic mail, tapes, cassettes, discs, recordings in computer memories, metadata) and any other written, recorded or reproduced material and any material underlying, supporting or used in the preparation of any such document.

5. The term "communication" means any transmission of words or ideas between or among two or more persons, including, but not limited to, spoken words, conversations, conferences, discussions, interviews, reports, meetings, negotiations, agreements and understandings, whether transmitted in person or by an electronic device such as telephones or radio, and documents, as defined above.

6. The term "describe" means: (a) describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law; (b) where applicable, particularize as to: (i) time, (ii) date, and (iii) manner; and (c) identify each and every person having personal knowledge of such facts.

7. The words "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a particular request any document which might otherwise be construed to be outside its scope.

8. The phrase "relating to" or any derivative thereof means: consisting of or referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

9. The use of the word "including" shall be construed to mean "without limitation."

10. The following requests seek all documents which are in your possession, custody, or control or the possession, custody or control of your representatives, agents, consultants, or investigators and all other persons acting on your behalf, including your counsel and its employees, representatives, agents, investigators and consultants.

11. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were identical but found in different files, not identical, or are no longer identical by reason of subsequent notation or modification of any kind

whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such copy is a separate document.

12. If a portion of any otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document and the rest of the document shall be produced.

13. If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed, or otherwise disposed of, you are requested to submit in lieu of any such document a written statement: (a) describing in detail the nature of the document and its contents; (b) identifying the person who prepared or authorized the document and, if applicable, the person to whom the document was sent, and any persons to whom indicated or blind copies were sent; (c) specifying the date on which the document was prepared or transmitted; and (d) specifying, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction.

14. In the event you wish to assert a legal privilege as to any document requested by any interrogatory, you are requested to provide a log or other similar document, which as to each document called for and objected to:

    (a) identifies each document by a numbering system;

    (b) states the type of privilege asserted for each document;

    (c) identifies the author of each document, and who saw, received, was given copies of or had access to each document or any copy or summary of each document;

    (d) states the subject matter of each document with sufficient detail so that a Court could determine if a privilege is applicable;

    (e) states the length of each document; and

(f) if the attorney-client privilege is claimed, identifies the attorney and the client for each document.

15. This request is continuing in character, and the responses are to be modified or supplemented from time to time if documents requested are obtained at a later date by you, your representatives, employees, agents or counsel.

## DOCUMENTS TO BE PRODUCED

1. All documents in your possession, custody or control which refer or relate to, or which support, your claims in the Complaint.

**RESPONSE:**


2. All documents that relate in any way to your lawsuit.

**RESPONSE:**


3. All documents sent by you to Seaford or received by you from Seaford at any time.

**RESPONSE:**


4. All communications between you and Seaford relating to the allegations contained in your Complaint.

**RESPONSE:**

5. All documents concerning your lawsuit that you have in your possession or that you have access to through any other person or organization.

**RESPONSE:**

6. All documents, including, but not limited to, notes, memoranda, correspondence, drafts and phone messages, relating to any allegations contained in the Complaint.

**RESPONSE:**

7. Any written or recorded statement taken by you or anyone acting on your behalf relating to any claim you allege in your Complaint or any fact that you are claiming in support of your lawsuit.

**RESPONSE:**

8. All documents including any notes relating to any meetings you had with anyone from Seaford relating to any allegations contained in the Complaint.

**RESPONSE:**

9. All documents identified, or the identification of which was requested, in Seaford's First Set of Interrogatories Directed to Plaintiff.

**RESPONSE:**

10. Any and all documents that were referred to, used or relied upon in preparing the answers to Seaford's First Set of Interrogatories Directed to Plaintiff.

**RESPONSE:**

11. All documents in your possession, custody or control which refer or relate to your alleged disability, including charts, notes or other records of all treating or consultative doctors, hospitals, or any other medical personnel, and any mental health professionals, including psychologists, psychiatrists, social workers or counselors.

**RESPONSE:**

12. All documents in your possession, custody or control which refer or relate to your claims for damages.

**RESPONSE:**

13. All documents which you intend to use as exhibits at any hearing or trial in this matter.

**RESPONSE:**

14. All reports and other documents, except reports of experts consulted by you whom you do not intend to call at trial, of experts or counselors reflecting or relating or referring to the subject matter of the complaint and the answers and responses contained in the answers.

**RESPONSE:**

15. All reports and other documents of experts whom you expect to call at trial related to the subject matter of the expert's opinion, the substance of the facts and opinions to which the expert is expected to testify, a summary of the grounds of each opinion, the qualifications or credentials of the expert, and any copy of the expert's resume or curriculum vitae.

**RESPONSE:**

                BUCHANAN INGERSOLL & ROONEY, P.C.

                */s/ Jennifer M. Becnel-Guzzo*
                Jennifer M. Becnel-Guzzo, Esquire (#4492)
                The Brandywine Building
                1000 West Street, Suite 1410
                Wilmington, DE 19801
                (302) 552-4200
                jennifer.becnelguzzo@bipc.com

                *Attorneys for Seaford School District*

Date: September 18, 2006

WLM#67343

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : NO. 06-437 (SLR) |
| | : |
| SEAFORD SCHOOL DISTRICT, | : |
| | : |
| Defendant. | : |

## NOTICE OF SERVICE

I, Jennifer M. Becnel-Guzzo, Esquire, hereby certify that on September 18, 2006, true and correct copies of **Defendant Seaford School District's First Set of Interrogatories Directed to Plaintiff, Defendant Seaford School District's First Request for the Production of Documents Directed to Plaintiff and this Notice of Service** were filed with the Court using CM/ECF and were served via U.S. Mail upon the following:

> Frank Dismore
> 1 Crossgate Drive
> Seaford, DE 19947

> BUCHANAN INGERSOLL & ROONEY PC
>
> *[signature]*
> Jennifer M. Becnel-Guzzo, Esquire (#4492)
> The Brandywine Building
> 1000 West Street, Suite 1410
> Wilmington, DE 19801
> (302) 552-4200
> jennifer.becnelguzzo@bipc.com
> *Attorneys for Defendant Seaford School District*

September 18, 2006

WLM#67745