IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SEAFORD SCHOOL DISTRICT, )<br>)<br>Defendant, )<br>Third-Party Plaintiff, )<br>v. )<br>)<br>BLANCHE GUNDRY and JOHN GUNDRY, )<br>)<br>Third-Party Defendants. ) | No. 06-437 (SLR) |

**THIRD-PARTY COMPLAINT OF SEAFORD SCHOOL DISTRICT
AGAINST BLANCHE GUNDRY AND JOHN GUNDRY**

Defendant Seaford School District ("Seaford"), by and through its undersigned counsel, hereby brings this Third-Party Complaint against Blanche Gundry ("Mrs. Gundry") and John Gundry ("Mr. Gundry" and, collectively with Mrs. Gundry the "Gundrys") and in support thereof states as follows:

**The Parties**

1. Seaford School District is a public school district organized under the laws of the State of Delaware.

2. Blanche Gundry ("Mrs. Gundry"), upon information and belief, is a citizen of the State of Delaware residing at 4610 Woodland Church Road, Seaford, Delaware 19973.

3. John Gundry ("Mr. Gundry"), upon information and belief, is a citizen of the State of Delaware residing at 4610 Woodland Church Road, Seaford, Delaware 19973.

**Factual Background**

4. On September 4, 1996, Mr. Gundry entered into a contract (the "Contract") with Seaford School District whereby he agreed to provide bus service to Seaford for Bus Route Number 4. A copy of the contract between Mr. Gundry and Seaford is attached hereto as Exhibit A.

5. According to Plaintiff Frank Dismore's Charge filed with the Equal Employment Opportunity Commission, the Gundrys hired Mr. Dismore as a bus driver in August 2003. Upon information and belief, Mr. Dismore was hired to drive the bus for Route Number 4 in Seaford.

6. At no time was Mr. Dismore employed by Seaford. Seaford did not pay Mr. Dismore's salary or determine his raises. Seaford did not supervise Mr. Dismore's daily performance or set his vacation schedule. Seaford did not approve the hiring or discipline of Mr. Dismore. Rather, the Gundrys performed each of these items.

7. In May 2005, Mr. Dismore was alone on a bus with two Seaford students when he asked them if they needed help obtaining contraceptives. This incident was brought to the attention of Seaford and the Gundrys, after which changes were made to the bus route so Mr. Dismore would no longer be alone with these two students.

8. On or about September 30, 2005, Mr. Dismore sent four text messages to the cellular telephone of a Seaford Middle School student. The student brought the messages to the attention of the associate principal of the school, who then advised Seaford's transportation director of the incident.

9. On or about September 30, 2005, Seaford's transportation director met with Mr. Dismore and advised him that he could no longer drive a bus in Seaford. Upon information and belief, the Gundrys terminated Mr. Dismore shortly thereafter.

10. On June 1, 2006, Mr. Dismore initiated a complaint against Seaford in the Superior Court of the State of Delaware. The exclusive claim raised in Mr. Dismore's Complaint is that he was discharged and/or harassed by Seaford in violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.* Pursuant to 28 U.S.C. § 1441(b), Seaford removed Mr. Dismore's action to this Court on July 19, 2006.

11. Although Mr. Dismore has acknowledged that he was employed by the Gundrys, Mr. Dismore failed to name them as defendants in the complaint.

**Count I**
**Common Law Contribution and Indemnification**

12. Seaford hereby incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

13. To the extent that Seaford is found liable to Mr. Dismore for any damages, costs or attorneys' fees, Seaford asserts that such liability is properly the obligation and responsibility of the Gundrys as Mr. Dismore's employer.

11. Seaford therefore seeks contribution and indemnification from the Gundrys for the entirety of any damages, costs or attorneys' fees for which Seaford is found to be liable.

WHEREFORE, Seaford prays for the following relief:

(a)  An order declaring that Seaford is entitled to indemnification and contribution by the Gundrys;

(b)  A judgment against the Gundrys for any judgment entered against Seaford in this Action;

(c)  A judgment against the Gundrys for all reasonably documented attorneys fees, costs and other expenses incurred by Seaford in defending this Action; and

 (d) Such other relief as this Court deems just and proper.

              BUCHANAN INGERSOLL & ROONEY PC

              /s/ Jennifer Becnel-Guzzo
              Jennifer M. Becnel-Guzzo, Esquire (#4492)
              The Brandywine Building
              1000 West Street, Suite 1410
              Wilmington, DE 19801
              (302) 552-4200
              jennifer.becnelguzzo@bipc.com
              *Attorneys for Defendant Seaford School District*

September 29, 2006

# EXHIBIT A

Contract No. __97093__

## TRANSPORTATION CONTRACT

THIS AGREEMENT made and entered into this __4th__ day of __September, 1996__ by and between

__John Gundry__ of __R.D. 3, Box 115A, Seaford__

__Sussex County__ County, Delaware (hereinafter called the "Contractor"), party of the first part,

and the Board of Education of The __Seaford__ Reorganized School District (hereinafter called the "Board"), party of the second part:

WHEREAS, the Board is authorized by the provisions of Title 14, Delaware Code of 1953, Chapter 29, to enter into Contracts for the transportation of school children to and from schools, or for any other purpose under the jurisdiction of any school authority, and

WHEREAS, the Contractor is the owner of the bus hereinafter described, which is contructed and equipped in accordance with the regulations adopted by the State Board of Education governing the design of all school buses, and

WHEREAS, the Board desires to employ the use of said bus, and the services of the Contractor for the purpose of transporting school children, and the Contractor has agreed to provide the use of said bus and his services under the terms and conditions herein set forth.

NOW, THEREFORE, IT IS mutually agreed as follows:

1. **THE CONTRACTOR'S OBLIGATIONS:**

    (a) BUS

    The Contractor shall, during the continuance of this agreement and at Contractor's own cost, provide and use the bus described herein. The description which shall include the make, year, and registration number of the chassis, and the make and capacity of the body, shall be approved by the Board. The capacity of each bus shall be based on a seating space of 13 inches per child. Each bus shall be licensed in accordance with the current weight schedule which has been approved by the State Board of Education.

    SUBSTITUTION

    In the event the bus listed and approved shall become unfit for use for any cause whatsoever, the Contractor shall notify the Board thereof and shall secure its consent to the permanent substitution of a suitable bus, provided, however, that any such substitute must be acceptable to the Board; and in the event that approval is not obtained from the Board for the permanent substitution of such bus, this Contract may, at the option of the Board, be immediately terminated. The provisions relating to substitution of a bus shall not apply to an emergency arising out of a breakdown or accident provided that any such bus is repaired within a reasonable period.

    (b) TRANSPORTATION OF PUPILS

    The Contractor shall transport the pupils residing along the route or routes which shall be outlined by the Board to and from the schools of the __Seaford__ Reorganized School District on each and every day shown by the official school calendar during the school year 19 __96__ - __97__, and on such time schedules as may be designated by the Board, which routes and time schedules the Board may from time to time change as provided herein. The Contractor will operate the bus on other days to make up time lost as a result of emergency situations.

    In cases of emergency, when it may be necessary for the bus to be operated on a schedule other than the regular daily schedule, Contractor shall be advised by the Board. The Contractor will then make every effort to secure drivers and operate the bus on a temporary schedule. The term "emergency" as used in this section shall be deemed to include, but not be limited to, unforeseen occurrences or conditions; pressing necessity such as failure of the school plant to operate normally due to a leaking roof, heater failure, plumbing problems, electrical failure, or any other plant failure which would in any way affect the health and welfare of pupils; necessity for unscheduled school closings due to extreme weather conditions such as floods, blizzards, fog, sleet, snow, storms, or winds which may affect the well-being of students; pupil, teacher, or community disorders that may in any way affect the safety of pupils; or, a community, county, state, or national emergency so declared by the proper constituted authority.

    The Contractor will pick up and discharge pupils along such route or routes at such points as may be selected by the Board, having in mind the safety and convenience of the pupils.

    Board and Contractor agree that the Contract may be modified from time to time by an addendum or addendums altering or terminating, or adding routes or stops for taking on or letting off pupils, or changing time schedules, which may correspondingly increase or decrease compensation, or by making changes in description of bus, or by making any other changes, which addendum or addendums in form attached hereto shall be signed by Board and Contractor.

    When it is necessary to provide additional services at the request of the Board which are not anticipated in this agreement, additional compensation shall be mutually agreed upon by the Board and the Contractor, and will be paid by the aforesaid Reorganized District.

    (c) TERM OF AGREEMENT

    The expiration date of this Contract is the 30th day of June of each year in which the Contract shall have been in effect, subject to provisions of paragraph 3 (f) and (g) of this agreement.

2. **GENERAL CONDITIONS:**

    In the performance of this Contract, the Contractor shall observe the following:

    (a) The Contractor through Contractor's employees shall take entire charge of all pupils and be responsible and accountable for their welfare and conduct while they are riding in the bus or while they are boarding or being discharged therefrom.

    (b) The Contractor shall observe such rules and regulations as may be adopted by the State Board governing the design and operation of school buses as provided for in Title 14, Delaware Code, 1953, Chapter 29. (SAID REGULATIONS BEING MADE A PART OF THIS CONTRACT BY THIS REFERENCE). The Contractor will also comply with the statutes of the State of Delaware applying to the operation of motor vehicles and will observe such rules and regulations as may be adopted by the State Board for the safety and welfare of the pupils.

    (c) In the event the State Board of Education does not provide insurance coverage, the Contractor will furnish insurance coverage as follows: Bodily Injury, $100,000/$500,000; Property Damage, $50,000; Medical Payment, $2,000 for each person; Personal Injury Protection, $10,000/$20,000. The policy is also to include the Board of the __Seaford__ Reorganized School District as insured. A certificate of insurance must be filed with the Board covering each bus in the Contract.

    (d) The Contractor shall maintain a definite daily time schedule for each route.

    (e) The Contractor will make such reports of matters coming within the scope of this Contract as and when the Board shall require.

(f) The Contractor will give bond with surety in substantially the form attached hereto for the faithful performance of his duties under this Contract, in a sum of ($500) Five Hundred Dollars.

(g) The Contractor shall comply with the provisions of 19 Del. C. sections 710 et seq. Subchapter II **Discrimination in Employment** in its employment relations.

## 3. THE BOARD'S RIGHTS AND OBLIGATIONS:

(a) For the faithful performance of this service the Contractor is to be paid, in accordance with the approved transportation formula that is in effect, for each day that the pupils are transported to and from school for regular classroom instruction. Payments are to be made as follows: one-tenth (1/10) of the compensation that will accrue for the year, beginning September 30th of each year that this Contract is in effect; subsequent payment will be paid on the last day of each of the nine subsequent months. Any adjustments not made during the school year will be included in the final payment in June.

(b) If the State of Delaware should assume any of the Contractor's obligations under this contract, compensation to the Contractor shall be reduced accordingly.

(c) It is understood that for the purposes of determining total distances per day, the routes shall be measured from the first pick-up point to the respective schools served in the approved sequence, and then by the most direct route back to the first pick-up point.

(d) The Chief School Officer of a Reorganized School District is designated by the Board to act for and represent the Board in matters growing out of this Contract.

(e) If for any reason whatsoever a bus does not make its regular run, the compensation is to be reduced accordingly.

(f) The Board may terminate this contract at any time during any school year for just cause, provided that 5 days written notice shall be given to the Contractor, or 5 days compensation shall be paid to the Contractor, before such termination shall take effect. The term "just cause" as used in this section shall be deemed to include, but not be limited to, failure of the Contractor to comply with the provisions of the contract; decreases in school enrollments; changing of school schedules; changes in attendance areas; revision of rules and regulations; closing of school buildings; increasing capacity of school buses; opening new school buildings; or any other condition that would result in a reduction or consolidation of facilities requiring fewer buses.

(g) Unless otherwise terminated in accordance with other provisions of this agreement, this Contract shall continue from year to year upon the same terms herein expressed, provided that no bus is over twelve model years old and that the compensation is adjusted yearly in accordance with the formula for school bus Contracts, approved and adopted by the State Board of Education, the expiration or anniversary date being as set forth in paragraph 1 (c). The aforesaid continuation of this Contract is, however, subject to the conditions: (1) each year either party may terminate this contract by giving written notice of such termination by mail to the last known address of the other party to be effective upon receipt of the written notice provided such notice shall have been mailed not later than 30 days after the Budget Bill has been signed into law by the Governor; (2) this Contract and any continuation thereof is specifically subject to the provisions of Title 29, Delaware Code of 1953 as amended, Section 6519, and there shall be no liability on the part of the Board or the State of Delaware to the Contractor in excess of any appropriation for this purpose, and that the failure to give notice of termination under subparagraph (1) of this paragraph 3 (g) shall not obligate the Board to continue this Contract or any continuation thereof in violation of said statute.

(h) It is understood that the Contractor will not be expected to fulfill the obligations of Contractor under the provisions of this Contract due to an Act of God or force over which Contractor has little or no control.

## 4. COLLUSION OR CONFLICT OF INTEREST:

(a) Contractor represents that neither he or any duly authorized agent of the Contractor has entered into any understanding, agreement, or other relationship with any other person, firm, corporation or association which has submitted bids on this Contract.

(b) Contractor represents that no officer, director, employee, agent, creditor, or any person having any personal interest in his proprietorship, partnership, corporation, association, or business connected with this Contract is an officer or employee of the State Board of Education, or a member of the ___Seaford___ Board or a supervisory employee of the ___Seaford___ Reorganized School District.

## 5. BUS (Description):

| Route No. | CHASSIS | | | BODY | |
|---|---|---|---|---|---|
| | Make | Year | Registration No. | Make | Capacity |
| ~~20~~ 4 | INT | 1996 | 1HVBBABP0TH368942 | Bluebird | 72 (73) |

IN WITNESS THEREOF, the said Contractor and the Board have caused this Contract to be executed the day and year first above written.

As provided for in Chapter 69, Section 6917, Laws of Delaware, the provisions of the Contract or any Addendums that may be attached hereto are not valid or binding upon the State of Delaware unless authorized by the State Board of Education.

(If Individual) _John Gundry_ Contractor (Seal)

(If Corporation) By _____ Contractor _____ Title

Board of Education of __Seaford__ Reorganized School District

By _____ Signature Authorized by the Board

Attest: _S. Messick_

Authorized by: _____

State Board of Education

Date: AUG 1 5 1996

_State Transportation Supervisor_

DISTRIBUTION: (4)
ORIGINAL - to School District
1ST COPY - To Contractor
2ND COPY - To Area Transportation Supervisor
3RD COPY - To State Transportation Supervisor

Doc. # 95-01/81/04/20

Contract No. __97093__

# BOND

KNOW ALL MEN BY THESE PRESENT, That we __John Gundry__ of __R.D. 3, Box 115A, Seaford,__ Delaware, as principal, and __Blanche Gundry__ of __R.D. 3, Box 115A, Seaford__, Delaware, as surety, are held and firmly bound unto the __Seaford__ Reorganized School District, in the sum of __Five Hundred------------------------__Dollars ($ __500.00__ ), lawful money of the United States of America, well and truly to be paid, and for payment of which we and each of us hereby bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents, and we do hereby authorize and empower the Attorney for the reorganized school district or his designee, to appear for us and each or either of us, our and each and every of our heirs, executors, administrators, successors, and assigns, at the suit of the Board of Education of the __Seaford__ Reorganized School District or its assigns, on the above obligation as of any term or time prior or subsequent to the date hereof, and thereupon to confess judgment for the above sum of Five Hundred Dollars ($500.00) debt, besides cost of suit by Non Sum Informatus Nihil Dicit or otherwise with stay or execution to the day of payment.

WHEREAS, the principal has entered into a certain contract in writing, bearing the date of __September 4, 1996__ with the __Seaford__ Reorganized School District of the State of Delaware to transport pupils, as indicated in said contract, the said contract containing therein a provision for continuation thereof.

NOW, THEREFORE, the condition of this obligation is such, that, if the principal shall well and truly keep and perform all and every the promises and undertakings by him made in the said contract for so long as his employment shall continue thereunder, and shall well and faithfully perform all services pursuant to and in obedience of the terms of the said contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

Signed and sealed this __2nd__ day of __August__, 19 __96__
WITNESS:

_____    _____ (Seal)
                                                John Gundry   /Principal
_____    _____ (Seal)
                                                Blanche Gundry   Surety

DISTRIBUTION: (2)
ORIGINAL - To School District
1ST COPY - To Contractor

Doc # 95-01/78/12/22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, | : |
| Plaintiff, | : |
| v. | : NO. 06-437 (SLR) |
| SEAFORD SCHOOL DISTRICT, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Jennifer M. Becnel-Guzzo, Esquire, hereby certify that on September 29, 2006, I electronically filed the **Third-Party Complaint of Seaford School District Against Blanche Gundry and John Gundry** with the Clerk of Court using CM/ECF and served same via U.S. Mail upon the following:

Frank Dismore
1 Crossgate Drive
Seaford, DE 19947

BUCHANAN INGERSOLL & ROONEY PC

/s/ Jennifer Becnel-Guzzo
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant/Third-Party Plaintiff
Seaford School District*

September 29, 2006

WLM#67745