**Buchanan Ingersoll ▲ Rooney** PC
Attorneys & Government Relations Professionals

**Jennifer M. Becnel-Guzzo**
302 552 4208
jennifer.becnelguzzo@bipc.com

The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054
T 302 552 4200
F 302 552 4295
www.buchananingersoll.com

November 15, 2006

**VIA CM/ECF**

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Lock Box 31
Wilmington, DE 19801

      Re: *Dismore v. Seaford School District*
           Case No. 06-437 (SLR)

Your Honor:

      I am in receipt of Mr. Dismore's letter to the Court dated November 6, 2006, and wish to provide a brief response.

      On September 18, 2006, Seaford School District ("Seaford") served Mr. Dismore with interrogatories and requests for documents and requested that he sign releases to obtain his medical and educational records. Because Mr. Dismore is proceeding without counsel, Seaford made an effort to draft the interrogatories and requests for documents in laymen's terms. On October 31, 2006, more than a week after the due date of Mr. Dismore's responses, I sent a letter to Mr. Dismore requesting his responses and signed releases by November 8, 2006, and indicated that if the responses were not received, I would file a motion with the Court. Rather than responding to the discovery, Mr. Dismore wrote the letter to Your Honor indicating that he needed "legal protection from this court" and the assistance of counsel.

      Based on his letter, it appears that Mr. Dismore is under the misconception that the "Right to Sue Letter" from the EEOC is an indication that his case has merit. To the contrary, the EEOC dismissed Mr. Dismore's claim, stating that it could not conclude that the information presented by Mr. Dismore established a violation of the law by Seaford. As a matter of course, the EEOC issued the "Right to Sue Letter" to Mr. Dismore.

      In order to allow Mr. Dismore an opportunity to consult with counsel regarding the merits of his case, Seaford will agree to a 60-day stay of the proceedings. However, at the end of the 60-day period, even if Mr. Dismore has been unable to retain counsel, Seaford would request that the case proceed and Mr. Dismore respond to Seaford's discovery and sign necessary releases within 30 days. In the event Mr. Dismore fails to do so, Seaford reserves its right to file any necessary motions.

November 15, 2006
Page - 2 -

      Should Your Honor have any questions or desire a conference with the parties, I am available at the Court's convenience.

                                              Respectfully,

                                              Jennifer M. Becnel-Guzzo (#4492)

cc:     Mr. Frank Dismore (via U.S. Mail)