IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK DISMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-437-SLR |
| | ) |
| SEAFORD SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

At Wilmington this 21st day of November, 2006, having reviewed plaintiff's letter that has been construed as a request for appointment of counsel (D.I. 16); and having reviewed defendant's response thereto (D.I. 17);

IT IS ORDERED that said request (D.I. 16) is denied, for the reasons that follow:

1. Plaintiff, a pro se litigant, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). While it is within the court's discretion to seek representation by counsel for plaintiff, this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [his] probable inability

without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 74 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. If the court finds that plaintiff's claim has arguable merit in fact and in law, the court should consider as well a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. In the present case, plaintiff has sued defendant Seaford School District for the termination of his job as a school bus driver, pursuant to the Americans with Disability Act, 42 U.S.C. §§ 12101-12117. Defendant has responded to the suit by claiming that it never employed plaintiff; rather, plaintiff was employed by an independent contractor (John Gundry)

who entered into a contract to provide bus service for a certain bus route.  Although defendant notified Mr. Gundry that plaintiff was not acceptable to it as a school bus driver based on plaintiff's conduct, plaintiff's employment was terminated by Mr. Gundry, not by defendant.  There appears to be a discrete, threshold legal question as to whether defendant can be held liable under the ADA when it did not employ plaintiff.

4.  If the court finds that defendant can be held liable despite its never having been plaintiff's employer, discovery would be appropriately directed to the factual issues of plaintiff's disability and defendant's knowledge of such, as well as the circumstances surrounding the termination.  Again, these are discrete factual issues which are not of a complex nature.

5.  The court finds that the litigation filed by plaintiff is not complex and arguably has no merit in the law.  Consequently, the court will deny plaintiff's request for counsel at this time, without prejudice to renew.

IT IS FURTHER ORDERED that, **on or before January 31, 2007,** plaintiff shall respond to defendant's outstanding discovery requests and shall make himself available for his deposition.  In this regard, however, counsel for defendant shall renotice the deposition for some date in January and make arrangements to take

the deposition in Seaford.[1]  **NOTE:**  Having filed a lawsuit, it is plaintiff's obligation to respond to reasonable discovery requests by the defendant.  Failure to do so can result in dismissal of the case for plaintiff's failure to prosecute, pursuant to D. Del. LR 41.1.

                                                   _____
                                                   United States District Judge

---

[1] Although the court will not ask a lawyer to volunteer his or her time to represent plaintiff, certainly plaintiff may use the next 60 days to find a lawyer willing to represent him in this litigation.