**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRANK DISMORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-437 (SLR) |
| v. | ) | |
| | ) | |
| SEAFORD SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SEAFORD SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

BUCHANAN INGERSOLL & ROONEY

Alfred J. D'Angelo, Jr., Esquire (#2164)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
alfred.dangelo@bipc.com
jennifer.becnelguzzo@bipc.com

*Attorneys for Defendant Seaford School District*

July 13, 2007

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............ ii

**NATURE AND STAGE OF THE PROCEEDING** ............ 1

**ARGUMENT** ............ 2

I. DISMORE HAS FAILED TO MEET HIS BURDEN AND SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF SEAFORD. ............ 2

II. DISMORE CANNOT ESTABLISH THAT HE IS DISABLED. ............ 3

III. DISMORE WAS TERMINATED BECAUSE OF HIS INAPPROPRIATE BEHAVIOR AND HAS NOT ESTABLISHED THAT SEAFORD'S REASON WAS PRETEXTUAL. ............ 5

**CONCLUSION** ............ 8

## TABLE OF AUTHORITIES

**Cases** **Page**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......... 2

*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994) .......... 3, 6

*Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576 (3d Cir. 1998) .......... 3

*Hunt v. Cromartie*, 526 U.S. 541 (1999) .......... 2

*Jones v. School District of Philadelphia*, 198 F.3d 403 (3d Cir. 1999) .......... 6

*Lee v. Minner*, 458 F.3d 194 (3d Cir. 2006) .......... 2

*Morgan v. Secretary of Health and Human Services*, 2002 WL 732091 (D. Del.) .......... 2

*Taylor v. Phoenixville School District*, 184 F.3d 296 (3d Cir. 1999) .......... 4

**Federal Statutes**

42 U.S.C. § 12102 .......... 3

**Federal Regulations**

29 CFR 1630.2 .......... 4

**Rules**

Fed. R. Civ. P. 56 .......... 2

**State Regulations**

14 Del. Admin. Code 1105 .......... 6

## NATURE AND STAGE OF THE PROCEEDING

This case arises out of Frank Dismore's ("Dismore") inappropriate behavior while working as a school bus driver in Seaford School District ("Seaford" or the "District"). As a result of two incidents – offering condoms to two young girls on his bus route and sending text messages to another young girl who rode his bus – Dismore was advised that he was no longer permitted to drive a school bus in the District. After completing discovery, Seaford filed a Motion for Summary Judgment (D.I. 24) and Opening Brief in Support of Its Motion for Summary Judgment (D.I. 25) on May 24, 2007. Pursuant to a stipulation, Dismore filed his Answering Brief (D.I. 26) on or about June 25, 2007. This is Seaford's Reply Brief in Support of Its Motion for Summary Judgment.

## ARGUMENT

Frank Dismore ("Dismore") was terminated from his position as a school bus driver for Seaford School District ("Seaford" or the "District") because he behaved improperly with young girls on his bus route on at least two occasions. In its Opening Brief (D.I. 25), Seaford argued that the information and evidence obtained through discovery failed to establish that Dismore suffers from a disability and failed to show that Seaford's stated reasons for Dismore's termination were pretextual. In his Answering Brief (D.I. 26), Dismore did not counter Seaford's arguments and did not present any evidence establishing a *prima facie* case of discrimination. Accordingly, Seaford's Motion should be granted and Dismore's Complaint should be dismissed with prejudice.

### I. DISMORE HAS FAILED TO MEET HIS BURDEN AND SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF SEAFORD.

Rule 56(c) of the Federal Rules of Civil Procedure authorizes the entry of summary judgment where the pleadings and supporting materials demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Lee v. Minner*, 458 F.3d 194, 197 (3d Cir. 2006). "[S]ummary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an [essential element] . . . on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of [that] party's case necessarily renders all other facts immaterial.'" *Morgan v. Secretary of Health and Human Services*, 2002 WL 732091, *4 (D. Del.) (copy attached as Exhibit D to Seaford's Opening Brief (D.I. 25)) (*quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

Despite the fact that he bears the burden of proof, Dismore has presented no evidence establishing a *prima facie* case of discrimination. Specifically, he has failed to establish that he is "disabled" as that term is defined by the Americans with Disabilities Act (the "ADA"), that he is otherwise qualified to perform the essential functions of the job, and that he has suffered an otherwise adverse employment decision as a result of discrimination. *See Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). Moreover, while Seaford has established that Dismore was terminated because of his inappropriate behavior with students, Dismore has presented no evidence demonstrating that Seaford's stated reason is a pretext for discrimination. *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) ("to avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that *each* of the employer's proffered non-discriminatory reasons was either a *post hoc* fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).")(internal citations omitted). Accordingly, Dismore's Complaint should be dismissed with prejudice.

## II. DISMORE CANNOT ESTABLISH THAT HE IS DISABLED.

To be afforded protection under the ADA, Dismore initially must prove that he is "disabled." In order to qualify as a disabled individual under the ADA, Dismore must establish that (1) he has a physical or mental impairment that substantially limits one or more of his major life activities or (2) he has a record of such an impairment or (3) he was regarded as having such an impairment. *See* 42 U.S.C. § 12102(2). Seaford demonstrated in its Opening Brief that the information presented during discovery established that Dismore is not disabled and that he failed to provide evidence

establishing the existence of a disability. Even in his Answering Brief, Dismore has not provided proof of any of these elements, and, thus, is unable to make out a *prima facie* case of discrimination.

Although Seaford conceded, for purposes of this motion only, that Dismore suffers from a mental impairment, Dismore still bears the burden of establishing that this mental impairment substantially limits a major life activity. 29 CFR 1630.2(g)(1). Dismore has failed to do so. Instead of presenting evidence, he simply refers generally to school records that are over 40 years old as some sort of "proof" that he suffered from a disability over 40 years ago (which the records do not prove) and that he continues to suffer from this alleged disability. Dismore fails to identify which specific records are relevant to this case and how they establish that he is currently disabled. Moreover, other than stating that Seaford had some of these records more than 40 years ago, Dismore has not demonstrated that Larry Saltarelli,[1] the Seaford transportation supervisor who made the decision to terminate Dismore as a bus driver in Seaford, had access to these records or relied on them when making the decision to terminate Dismore. Nor has Dismore provided any evidence showing that Mr. Saltarelli had any reason to know that Dismore believed he was disabled. Dismore Dep. at 68 (excerpts attached as Exhibit B to Seaford's Opening Brief (D.I. 25)). The facts, as stated by Dismore in his deposition, establish that Mr. Saltarelli was not aware of Dismore's alleged disability and was not aware of the records on which Dismore places so much weight.[2] Dismore Dep. at 33, 68, 71; Exhibit H to Seaford's Opening Brief (D.I. 25).

---

[1] Mr. Saltarelli retired from Seaford and no longer resides in the area.

[2] Dismore bears the burden of advising his employer that he is disabled and that he is in need of accommodations. *Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3d Cir. 1999) ("Employers cannot assume employees are disabled and need accommodations.").

Moreover, as stated in Seaford's Opening Brief and not disputed by Dismore, the evidence demonstrates that Dismore is not disabled, but, rather, is able to perform all major life activities. Dismore takes college-level courses and has held numerous jobs, both before and after working as a school bus driver. He is able to care for himself and functions well with others. Simply stated, he is not substantially limited in any major life activity and has provided no evidence demonstrating otherwise.

As Dismore has failed to establish that his alleged mental impairment substantially limits any major life activity, Dismore cannot establish that he is disabled and Seaford's Motion should be granted.

## III. DISMORE WAS TERMINATED BECAUSE OF HIS INAPPROPRIATE BEHAVIOR AND HAS NOT ESTABLISHED THAT SEAFORD'S REASON WAS PRETEXTUAL.

The simple truth is Dismore was terminated as a result of two incidents: offering condoms to students and initiating text messages with another student. Dismore has presented no evidence demonstrating that Seaford had an improper motive when it terminated his employment.

Dismore complains in his Answering Brief that there was no investigation by Seaford prior to terminating him as a school bus driver. In fact, after the students informed Seaford officials of the incidents, Seaford conducted an investigation and met with Dismore. Dismore admitted to the behavior, and, after receiving a final warning as a result of the condom incident, was terminated after he admitted to initiating text messages with another young, female student. Once Dismore confessed to the inappropriate behavior, there was no need to investigate further.

In his Answering Brief, Dismore attempts to argue that his behavior complied with the State Regulations applicable to school bus drivers. A copy of the regulations is attached to Seaford's Opening Brief as Exhibit G. Those regulations state that a school bus driver "has the authority of a classroom teacher and is responsible for the health, safety, and welfare of each passenger" and that a bus driver should "establish and maintain a rapport with passengers." 14 Del. Admin. Code 1105, §§ 3.1, 3.2.3. Dismore's behavior clearly is not what was contemplated by these regulations and his arguments to the contrary only confirm that Seaford acted appropriately when it refused to allow Dismore to drive a school bus for Seaford. Dismore's behavior was so outrageous that the students involved complained to their families and school administrators. Dismore has even acknowledged that he does not understand what constitutes appropriate behavior with children. Dismore Dep. at 72. Seaford simply could not allow Dismore to continue driving a school bus in the District and risk more inappropriate behavior from him.

As Seaford set forth a non-discriminatory reason for Dismore's termination, the burden shifted back to Dismore to prove by a preponderance of the evidence that the reasons offered by Seaford were not its true reasons, but instead were a pretext for discrimination. *Jones v. School District of Philadelphia*, 198 F.3d 403, 412-13 (3d Cir. 1999). To discredit Seaford's proffered reasons, Dismore must introduce "'some' evidence from which a factfinder could reasonably conclude that the defendant's proffered reasons were fabricated (pretextual)." *Fuentes,* 32 F.3d at 764. Dismore presented nothing establishing that Seaford's explanation for terminating him – his

inappropriate behavior with female students on his bus – was anything other than the actual reason he was terminated.

Thus, there is no dispute that Seaford terminated Dismore as a result of his unacceptable behavior, not because of an alleged disability or for any other discriminatory reason. Dismore has failed to establish otherwise, and summary judgment should be entered for Seaford.[3]

---

[3] Dismore asserted in his Answering Brief that Seaford failed to respond adequately to his discovery requests and withheld information during the discovery process. Seaford provided appropriate responses to discovery requests that were often difficult to interpret. Moreover, Dismore has actually attempted to rely on documents which were not provided to Seaford during discovery. Seaford and its counsel have never seen or received copies of the two allegedly signed statements from John Gundry and James Horne attached to Dismore's Answering Brief despite discovery requests to which these statements would have been responsive. However, these documents do not change the facts of the case, and Seaford does not believe it is necessary to comment on them further.

**CONCLUSION**

Seaford terminated Dismore because he posed a risk to the children he drove on the bus. Dismore has admitted that his behavior was inappropriate, but now claims that he was terminated because of his alleged disability. Dismore has not proven the existence of a disability and has presented no information showing that Seaford terminated him for any discriminatory reason. Seaford did what was necessary to protect its students and did so without a discriminatory motive. Accordingly, Seaford respectfully requests that this Court grant its Motion for Summary Judgment.

BUCHANAN INGERSOLL & ROONEY

Jennifer M Becnel-Guzzo

Alfred J. D'Angelo, Jr., Esquire (#2164)
Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
alfred.dangelo@bipc.com
jennifer.becnelguzzo@bipc.com

*Attorneys for Defendant Seaford School District*

July 13, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRANK DISMORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-437 (SLR) |
| v. | ) | |
| | ) | |
| SEAFORD SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Jennifer M. Becnel-Guzzo, Esquire, hereby certify that on July 13, 2007, I electronically filed **Defendant Seaford School District's Reply Brief in Support of Its Motion for Summary Judgment** with the Clerk of Court using CM/ECF and served same upon the following:

**VIA UPS OVERNIGHT DELIVERY:**
Frank Dismore
1 Crossgate Drive
Seaford, Delaware 19947

BUCHANAN INGERSOLL & ROONEY PC

Jennifer M. Becnel-Guzzo, Esquire (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant Seaford School District*

July 13, 2007